IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| KATHERINE VEALS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 7:12-CV-192-O-BL |
| | ) | |
| STATE OF TEXAS, | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This is an action filed against the State of Texas by a resident of Wichita Falls, Texas. Plaintiff's entire complaint is as follows:

"Mental & Physical Abuse, Black Mail & Descrim Nation."

Complaint p. 1.

Plaintiff has filed one prior action with this Court. *See Veals v. Wichita County*, 7:09-CV-199-O (N.D. Tex. 2010). In that action, the Court adopted the following findings of the magistrate judge:

> I find that Plaintiff's complaint consists of the inarticulate rantings of a destitute person living on the street either seeking help with her physical, financial or mental condition or for her family. These forms of direct help this Court cannot and does not have the power or authority to give. She states no claim or cause of action against Wichita County, the party-defendant she named, but instead directs her complaints toward the City (of Wichita Falls, apparently) or unnamed and unidentifiable personnel of the City. Although she grounds her apparent complaint on the "freedom of speech" she never alleges any direct or indirect interference with her speaking. Rather, she complains of others speaking, to-wit, persons making disclosures or persons fabricating or spreading rumors. There is so little alleged in this complaint that it is a waste of time to try to ideate up some federal law or right that might be implicated in her ranting. Any further analysis of this Complaint is a waste of time. Therefore, I recommend to the District Court that the Complaint be immediately dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The instant case has similar issues. The complaint is not in compliance with Rule 8(a)(2), Federal Rules of Civil Procedure, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief ...." Veals' complaint fails to show any entitlement to relief, it is merely a string of words. Moreover, there is no demand for relief. See Fed. R. Civ. P. 8(a)(3) (mandating a demand for relief in a complaint).

In addition to failing to present a colorable claim, Veals' Defendant, the State of Texas, is immune from suit. Lawsuits against the State of Texas are barred by the doctrine of sovereign immunity. In the absence of consent, the Eleventh Amendment bars federal lawsuits by U.S. citizens against a state or against a state agency or department. *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Neuwirth v. Louisiana State Bd. of Dentistry*, 845 F.2d 553, 555 (5th Cir. 1988); *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 186 (5th Cir. 1986). Sovereign immunity under the Eleventh Amendment is applicable unless the State has expressly waived such protection. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238 (1985). A court will find waiver of Eleventh Amendment immunity only where waiver is stated "by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction." *Edelman v. Jordan*, 415 U.S. 651, 675 (1974) (quoting *Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171 (1909); *see also Sherwinski v. Peterson*, 98 F.3d 849, 852 (5th Cir. 1996) (holding that the Texas Tort Claims Act does not waive Eleventh Amendment immunity to suit in federal courts - state immunity encompasses not only the issue of *whether* a state may be sued but also *where* it may be sued - the Texas Tort Claims Act waives sovereign immunity *only in state court actions*). Veals has failed to demonstrate that the State of Texas has waived immunity under the circumstances of her complaint.

For the foregoing reasons, it is RECOMMENDED that Plaintiff's complaint be DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted unless, within fourteen (14) days of the date of this recommendation, Plaintiff amends her complaint in such a manner that it states a colorable claim against an entity amenable to suit in federal court.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SO ORDERED this 4th day of February, 2013.

E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE